DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICK DUNAC,**
Appellant,

v.

**GUYLAINE DUNAC,**
Appellee.

No. 4D2025-0551

March 18, 2026

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lauren M. Alperstein, Judge; L.T. Case No. FMCE20-013376.

Nancy W. Gregoire Stamper of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, for appellant.

Lane Weinbaum of Weinbaum P.A., Coral Springs, for appellee.

GROSS, J.

The narrow issue in this case is whether the former husband complied with the requirement of Florida Family Law Rule of Procedure 12.490(e)(5), which provides that a party seeking review of a motion to vacate an order "must seek to schedule a hearing date at the same time that the motion to vacate is filed with the court."

The former husband maintains that he complied with the rule's requirement by language in the body of his motion and the wherefore clause.

We conclude that the rule requires some action directed at securing a hearing date, beyond language requesting a hearing in the motion to vacate.

Rule 12.490(e)(5) requires that the party filing the motion to vacate **"seek to schedule a hearing date"** at the same time that the motion to vacate is filed. *See* Fla. Fam. L. R. P. 12.490(e)(5) (emphasis added). The rule looks for some action to be taken to obtain a hearing date. Without

further steps to alert the trial court to set the hearing required by rule 12.490(e)(4), a motion to vacate could become lost in the electronic ether.

Merriam-Webster Online Dictionary's definition of the verb "seek" includes "to ask for: request" and "to try to acquire or gain[.]" *Seek*, *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/seek (last visited Feb. 27, 2026). Here, the husband did "ask for" or "request" a hearing in his motion to vacate, but he did not take further steps like contacting the court or opposing counsel. Without such steps, the former husband did not try to "acquire" or "schedule" a hearing date within the meaning of the rule.

We agree with the former wife that if a party could satisfy rule 12.490(e)(5)'s procedural obligation to "seek to schedule a hearing date" by a sentence asking for a hearing in the motion to vacate, then the "seeking" to schedule requirement of rule 12.490(e)(5) would be reduced to a hollow formality.

*Affirmed.*

CIKLIN and LOTT, JJ., concur.

*  *  *

**Not final until disposition of timely-filed motion for rehearing.**